UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>)<br>v.                                                          )<br>)<br>ARIEL MARTINEZ,                          )<br>)<br>           DEFENDANT         ) | CRIMINAL NO. 2:18-CR-89-DBH |

**DECISION AND ORDER ON MOTION FOR COMPASSIONATE RELEASE**

The defendant Ariel Martinez has filed a motion for compassionate release and appointment of counsel (ECF No. 77). According to the Revised Presentence Report, Martinez is 33 years old. He is imprisoned at USP Lewisburg in Pennsylvania. I sentenced him on July 25, 2019, to 151 months in prison for possession with intent to distribute fentanyl (ECF No. 74). He wants me to reduce his sentence to time served on account of his "severe asthma condition," Def.'s Mot. at 1 (ECF No. 77), and because he has "considerable post-sentence rehabilitation evidence to present," id. at 4. He asked the Warden for relief August 5, 2020, Def.'s Mot. Exs. 1 & 2, thereby entitling him to proceed now in court under 18 U.S.C. § 3582(c)(1)(A). The BOP website shows USP Lewisburg currently as having 0 inmates and 10 staff positive for COVID-19 and 84 inmates and 2 staff who have recovered. See BOP, COVID-19 Cases, Federal Bureau of Prisons (last updated Sept. 29, 2020), https://www.bop.gov/coronavirus/.

Judge Woodcock of this District has laid out in detail the criteria for judicial compassionate release under 18 U.S.C. § 3582(c)(1)(A). See, e.g., Order

on Mot. for Compassionate Release, United States v. Nygren, No. 1:16-cr-00106-JAW, 2020 WL 4208926, at *4-5 (D. Me. July 22, 2020) (ECF No. 111).  I will not repeat them all, but focus on those relevant to Martinez: What do the factors of 18 U.S.C. § 3553(a) call for?  Do "extraordinary and compelling reasons warrant" the reduction Martinez seeks?  18 U.S.C. § 3582(c)(1)(A)(i).  Is Martinez "a danger to the safety of any other person or to the community"?   U.S. Sentencing Guidelines Manual § 1B1.13(2) (U.S. Sentencing Comm'n 2018) (citing 18 U.S.C. § 3142(g)).

      Martinez is justifiably afraid of COVID-19 given his asthma.  But as I said to Mr. Martinez at sentencing last year:

> You are a career offender in the classic sense.  As I look at your criminal history, almost no year goes by that you're not convicted of some crime or another year after year after year.  You have made a career out of violating the criminal law.  And some of your crimes have been violent, and that's of great concern to me.  And now it's not just marijuana, it's not even just heroin, now it's fentanyl that you're involved in.  You're fortunate that the Government is not able to prove that a death resulted in this case from your fentanyl.  I'm not going to take that into account because it cannot be proven.  But what we all know is that fentanyl is a killer.  It's a very dangerous drug.  It's having a huge impact on Maine and around the country.  It's a very dangerous drug to distribute and then for people to use.  And so what I'm faced with is your continued pattern of violating the law.  You don't comply with probation requirements.  You don't comply with protection from abuse orders.  And so I have a real need here to protect the public, to deter.  I'm worried about the likelihood that you'll recidivate when you're -- that you'll do this again -- that you'll commit crimes again when you get out of prison.  And so I do consider you to be a classic career offender, and I am going to sentence you within the range.

Tr. of Sentencing at 25-26 (ECF No. 76).

      Those observations still pertain, even in the face of the current pandemic.  I conclude that the circumstances here do not present extraordinary and

compelling reasons to reduce Martinez's sentence because his recidivism risk poses a significant danger to the community. As Judge Torresen said in a different case:

> Even if [the defendant] could establish extraordinary and compelling reasons for his release, reducing his sentence would be inconsistent with the § 3553(a) factors, including protection of the public. I sentenced [the defendant] to a 235-month term of incarceration because of the seriousness of his drug offenses. See 18 U.S.C. § 3553(a)(1). Reducing [his] sentence by 70% would undercut the seriousness of the offense, respect for the law, and the need to deter future criminal conduct. See 18 U.S.C. § 3553(a)(2). Further, [his] presentence report shows a serious criminal record . . . . Given his lengthy criminal record, it would be difficult to find that the safety of the community could be assured if [the defendant] were to be granted early release.

Order to Show Cause, United States v. Hunter, No. 2:14-cr-00122-NT, 2020 WL 4194504, at *3 (D. Me. July 21, 2020) (ECF No. 66).

That reasoning applies here as well.

I therefore **DENY** Martinez's motion for compassionate release and for appointment of counsel.

**SO ORDERED.**

**DATED THIS 30TH DAY OF SEPTEMBER, 2020**

/S/D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**

3